IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| BRANNON ACHIMBI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:24-cv-1507-LKG |
| v. ) | |
| ) | Dated: November 13, 2024 |
| OFFICER OWOEYE, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM

Pending is Defendant's Motion to Dismiss the above-entitled civil rights complaint for failure to exhaust administrative remedies and asserting qualified immunity as a defense. ECF No. 9. For the reasons stated herein, the motion will be denied.

### I.  Background

The complaint concerns an incident that occurred on April 21, 2024 at Baltimore County Detention Center. ECF No. 1 at 4. Plaintiff states that as Officer Owoeye was passing out dinner trays on his housing unit, they got into a verbal altercation regarding a mistake that was made on Plaintiff's dinner tray. *Id*. During the argument, Owoeye told Sergeant Elomari that Plaintiff spit on him and Plaintiff was charged with a disciplinary violation because of that claim. *Id*. Sergeant Cordaro served Plaintiff with the ticket charging him with assaulting an officer and Plaintiff states he tried to convince Cordaro that Owoeye had lied about him but to no avail.[1] *Id*. at 5.

After Plaintiff returned to his cell from his recreation period, Owoeye and Officer Neekson came to the housing unit with another inmate. ECF No. 1 at 5. Plaintiff and his cellmate were told to "lock in" so the inmate and the officers could come into the cell. *Id*. Plaintiff's cellmate went out of the cell to shower while Plaintiff remained in the cell. *Id*. at 6.

---

[1] Ultimately, Plaintiff was found not guilty of the charges against him. ECF No. 1 at 5.

After the inmate, who had just arrived in the housing unit, was locked into his assigned cell, Plaintiff called out to Neekson to be let out of his cell because he had two minutes left on his one-hour recreational walk. *Id.* As he was doing so, Owoeye walked past his door taunting him and asking why he wanted his door opened. *Id.*

While Owoeye went downstairs to retrieve Plaintiff's cellmate, Plaintiff told Neekson to come to his cell. ECF No. 1 at 6. As Owoeye came up the stairs with Plaintiff's cellmate he unclipped his mace can and told Neekson to "watch out." *Id.* When the cell door opened, Plaintiff walked out and Neekson stuck his arm out, telling Plaintiff he could not leave the cell. *Id.* Plaintiff then took issue with Owoeye for leaving trash in front of Plaintiff's cell and Plaintiff's cellmate began arguing with Owoeye while Plaintiff talked to Neekson. *Id.* As Neekson began talking to Plaintiff about his problem, Owoeye slammed the door shut on Plaintiff's finger. *Id.* Although Plaintiff started yelling for the officers to open the door, he was ignored. *Id.* Plaintiff yanked his finger out of the door and when he did so, blood began "gushing" from his finger. *Id.* at 7. Plaintiff states his nail was coming off and his finger was split open. *Id.*

Plaintiff's cellmate began kicking the cell door and yelling to get Neekson's attention because Owoeye had left. ECF No. 1 at 7. When Neekson came to the door and saw Plaintiff's finger, he told Plaintiff to put on his "jumper" so he could be taken to medical. *Id.* Although Neekson waived to have the door opened, the door was never opened and Neekson left the area. *Id.* After more kicking of the cell door and yelling, Officer Reynolds came to the cell and rushed Plaintiff to medical for treatment. *Id.* Plaintiff claims he received only pain medication at the detention center and that he waited for a couple of hours before being taken to St. Joseph's Medical Center where he received nine stitches in his finger. *Id.*

## II.     Standard of Review

In reviewing the Motion, the Court accepts the well-pleaded allegations as true and in the light most favorable to Plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *E.E.O.C. v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line

between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.") (internal citation omitted)). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

**III.  Discussion**

As noted, Defendant asserts entitlement to dismissal of the complaint because Plaintiff did not exhaust administrative remedies prior to filing the instant complaint. ECF No. 9. Defendant asserts that: "When a prisoner files a civil action, the prisoner shall attach to the initial complaint proof that administrative remedies have been exhausted." ECF No. 9-1 at 5. Defendant relies on Md. Code Ann., Cts & Jud. Proc. § 5-1003 to support the position that a complaint without such attachments is subject to dismissal. The law cited is not applicable here.

Exhaustion of administrative remedies is an affirmative defense; meaning it is incumbent upon a defendant to provide evidence that such exhaustion has not taken place as required by federal law. *See* 42 U.S.C. § 1997e(a). Notably, administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants. *See Jones v. Bock*, 549 U.S. 199, 215-216 (2007); *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017).

Defendant has not provided any evidence to this Court beyond the cursory observation that Plaintiff failed to attach evidence of exhaustion to his complaint, which he is not required to do under federal law. Having failed to establish entitlement to such a defense, the motion fails.

Further, the qualified immunity defense is also without merit. Defendant alleges that Plaintiff has failed to show that Owoeye possessed the subjective knowledge required to maintain a claim regarding medical treatment. ECF No. 9-1 at 4. In order to determine if a

public official is entitled to the protections afforded by qualified immunity, two inquiries must be addressed by this Court. Although the Supreme Court's decision in *Saucier v. Katz*, 533 U.S. 194 (2001) directed a rigid approach to the inquiries involved, the requirement that the two-prong analysis must be "considered in proper sequence" has since been revised. *Katz*, 533 U.S. at 200. Courts are now "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 555 U.S. at 818.

The first prong is whether "[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show [that] the officer's conduct violated a constitutional right[.]" *Saucier*, 533 U.S. at 201. If the evidence establishes a violation of a constitutional right, the second prong is to assess whether the right was "clearly established" at the time of the events at issue. *Id*. If the right was not clearly established, the qualified immunity doctrine shields a defendant officer from liability. The "answer to both *Saucier* questions must be in the affirmative in order for a plaintiff to defeat a . . . motion for summary judgment on qualified immunity grounds." *Henry v. Purnell*, 501 F.3d 374, 377-78 (4th Cir. 2007) (citing *Batten v. Gomez*, 324 F.3d 288, 293-94 (4th Cir. 2003)). "'Clearly established' means that, at the time of the officer's conduct, the law was 'sufficiently clear' that every 'reasonable official would understand that what he is doing' is unlawful. *Dist. of Columbia v. Wesby*, 583 U.S. 48, 61 (2018) citing *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

Here, Defendant appears to be asserting that his alleged lack of knowledge that Plaintiff was injured erases any possibility that his conduct violated Plaintiff's constitutional rights. However, Defendant has not provided a declaration or any other evidence that he was unaware of Plaintiff's injury prior to walking away. Liberally construed, the complaint asserts that Owoeye walked away when Plaintiff began his pleas to release his finger from the door. Owoeye is not entitled to qualified immunity on this record.

Accordingly, the Motion to Dismiss shall be **DENIED** by separate Order which follows.

LYDIA KAY GRIGGSBY
United States District Judge